**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DEURSLA LASHAY BARRON                                                                        PLAINTIFF

v.                                          3:20-cv-00171-KGB-JJV

ROBERT CRESTMAN                                                                              DEFENDANT

**ORDER**

Deursla Lashay Barron ("Plaintiff") is in custody at the Craighead County Detention Center. She has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, and an Application to Proceed *In Forma Pauperis*. (Doc. Nos. 1, 2.)

**I.     FILING FEE**

The total cost for filing a civil action in federal court is $400, which includes a $350 statutory fee and a $50 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* status must pay the full $400 fee immediately. However, if *in forma pauperis* status is granted, the $50 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as *in forma pauperis* status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Calculation of Initial Payment of Filing Fee Sheet ("Calculation Sheet"). Importantly, if the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against

a defendant who is immune from such relief, the full fee will be collected, and no portion will be refunded to the prisoner.

Plaintiff's IFP Application (Doc. No. 1) is denied as incomplete. Plaintiff filed a completed affidavit, but she did not include a certificate and calculation sheet signed by an official of the facility in which she is incarcerated; the certificate and calculation Plaintiff filed were blank. (*Id.*) The Court must have the missing information to determine whether Plaintiff is entitled to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(2). Plaintiff has thirty (30) days to either pay the $400 filing fee in full or file a properly completed IFP Application.

## II.     PROCEEDING *PRO SE*

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (citations omitted). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure.

Additionally, Plaintiff must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

**III.    CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's IFP Application (Doc. No. 1) is DENIED as incomplete.

2. The Clerk is directed to mail Plaintiff an IFP Application.

3. Plaintiff must, **within thirty (30) days of the date of this Order**, either: (a) pay the full $400 filing fee; or (b) file a properly completed IFP Application.[1]  Failure to do so may result in dismissal of this action without prejudice.

DATED this 25th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff must complete and sign the IFP Application.  The certificate and calculation sheet must be completed and signed by an authorized official of the facility at which Plaintiff is incarcerated.